IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD NOBLES,<br><br>    Plaintiff,<br><br>  v.<br><br>MBNA CORPORATION et al.,<br><br>    Defendants. | No. C 06-03723 CRB<br><br>**ORDER RE: OBJECTION TO MAGISTRATE JUDGE'S RULING** |

    Now pending before the Court is plaintiff's objection to the Magistrate Judge's October 17, 2007 ruling granting defendants' motion to compel responses to defendants' document requests nos. 3, 6, 8, 12, 14 and 16.

    Defendants moved to compel plaintiff to respond to several discovery requests. In document requests nos. 19 and 20, defendants seek documents that refer or relate to plaintiff's use of access checks or convenience checks. The court denied the motion to compel on the ground that plaintiff represented that he had never used access or convenience checks, other than defendants' access check at issue in this litigation. The court also stated in dicta its agreement with plaintiff's argument that "the mere receipt by him of a solicitation from another financial institution is not relevant to his claim that Defendants' solicitations are deceptive." October 17, 2007 Order at 17.

    In document requests nos. 23, 24, and 26, defendants seek documents that refer or relate to any penalties incurred by plaintiff from using any convenience checks, credit card

account, or any overdraft fees or overdrafts incurred by plaintiff in connection with any bank account. The court denied the motion to compel responses to these requests on the ground, among others, that "these requests are not tethered to live checks, and that overdraft fees, for example, are irrelevant to claims regarding live checks, live check solicitations, fees associated with live checks or accounts for which live check solicitations are issued." Order at 17.

The court ruled differently as to document request nos. 3, 6, 8, 12, 14, and 16. These requests seek documents that relate or refer to line of credit or credit card accounts held by plaintiff. Plaintiff argued that these general categories of documents, for example, credit card agreements with companies other than defendants, are not relevant to his understanding of defendants' offer. The court rejected plaintiff's objection reasoning that "[i]f Plaintiff received and used access checks from other institutions, with similar terms or different terms, he could well have learned how to use them and what to watch out for." Oct. 17 Order at 16.

Plaintiff claims this ruling was error for two reasons. First, the requests seek documents "untethered" to access checks, for example, credit card statements or agreements; thus, the court's reason for granting the motion to compel–that experience with access checks is relevant--does not make sense. Second, when the court denied defendant's motion to compel document request nos. 19 and 20 the court stated that "the mere receipt by [plaintiff] of a solicitation from another financial institution is not relevant to his claim that Defendants' solicitations are deceptive." Id. at 17. This reasoning contradicts the court's reasoning in granting the motion to compel as to request nos. 3, 6, 8, 12, 14 and 16.

The Court agrees that the Magistrate Judge's ruling appears to be internally inconsistent. The Court notes, however, that the Magistrate Judge has currently pending before him defendants' motion to modify the October 17, 2007 Order. Defendants' motion overlaps somewhat with the arguments made by plaintiff here, at least to the extent that plaintiff argues that the court's reasons for denying some of defendants' requests apply equally to the part of defendants' motion the court granted. Accordingly, the Court will vacate the Magistrate Judge's ruling on defendants' motion to compel responses to

2

defendants' document request nos. 3, 6, 8, 12, 14 and 16 to enable the Magistrate Judge to reconsider the ruling in connection with defendants' motion to modify.  In so doing, the Court is not expressing an opinion as to whether the motion to compel should have been granted; rather, the Court is vacating the ruling to give the Magistrate Judge the opportunity to make the ruling consistent with all of his opinions on defendants' motion to compel.

**IT IS SO ORDERED.**

Dated: November 26, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE